IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2247-FL

FILED

JUL 1 3 2011

DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK

|                          |   |       |
|--------------------------|---|-------|
| KENNETH DEREK SEWELL,    | ) |       |
|                          | ) |       |
| Petitioner,              | ) |       |
|                          | ) |       |
| v.                       | ) | ORDER |
|                          | ) |       |
| D.R. STEPHENS,           | ) |       |
|                          | ) |       |
| Respondent.              | ) |       |

The matter is before the court on petitioner's *ex parte* motion (DE # 4) and respondent's

motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (DE # 5). For

the reasons that follow, the court dismisses this action on its own motion, and denies as moot the

parties' pending motions.

## STATEMENT OF THE CASE

On November 7, 2006, while petitioner was incarcerated at the United States Penitentiary

in Lewisburg, Pennsylvania, the Bureau of Immigration and Customs Enforcement ("ICE") sent the

Bureau of Prisons ("BOP") a detainer letter asking it to detain petitioner for a period not to exceed

forty-eight (48) hours after his release date. The detainer letter stated that ICE had opened an

investigation to determine whether petitioner was subject to removal from the United States.

On February 17, 2010, the BOP denied petitioner's request to be transferred to a halfway

house in January 2011. Petitioner alleges that the BOP denied his transfer request because of his

ICE detainer. On November 12, 2010, petitioner filed this action pursuant to 28 U.S.C. § 2241,

requesting that the court order the BOP to transfer him to a halfway house before January 3, 2011.

On December 15, 2010, petitioner filed an *ex parte* motion in which he requests that the court grant

him a reasonable bond so that he may be placed in a halfway house. On January 5, 2011, respondent

filed a motion to dismiss, which has been fully briefed.

## DISCUSSION

"[F]ederal courts are without power to decide questions that cannot affect the rights of

litigants in the case before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971). As such,

mootness is a jurisdictional question that must be resolved by the court, by its own motion if

necessary, before proceeding to the merits of an action. LaFaut v. Smith, 834 F.2d 389, 394 n.9 (4th

Cir. 1987). "A case is moot 'when the issues presented are no longer 'live' or the parties lack a

legally cognizable interest in the outcome.'" Doe v. Kidd, 501 F.3d 348, 354 (4th Cir. 2007)

(quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)).

In this case, petitioner seeks to compel the BOP to transfer him to a halfway house by

January 3, 2011. On February 4, 2011, before the court could consider the merits of petitioner's

request, he was released from BOP custody. Accordingly, the issues presented are no longer "live"

in that petitioner has already obtained relief in the form of release and it is unlikely that he will return

to BOP custody. See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991); see also Belasco v.

Warden, Fed. Corr. Inst. Big Spring, 156 F. App'x. 671 (5th Cir. 2005) (unpublished); Elwood v.

Sanders, 152 F. App'x 558 (8th Cir. 2005) (unpublished).[*] The court lacks jurisdiction to consider

---

[*] Petitioner does not appear to directly challenge his ICE detainer in this action. To the extent he does seek to bring such a challenge, this court lacks the ability to hear that claim as well. This court may issue a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 only if the petitioner is "in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989). An ICE detainer, without more, does not satisfy § 2241's "in custody" requirement. See Blackwell v. Cross, No. 2:08-cv123, 2009 WL
(continued...)

2

petitioner's claim, which must be DISMISSED. In light of this dismissal, all pending motions are DENIED as moot.

## CONCLUSION

For the foregoing reasons, petitioner's *ex parte* motion (DE # 4) and respondent's motion to dismiss (DE # 5) are DENIED as moot. This action is DISMISSED without prejudice for lack of jurisdiction. To the extent petitioner seeks to challenge his ICE detainer, he must file suit in the district where he is being detained.

SO ORDERED, this the 11$^{+}$ day of July, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

---

*(...continued)
2877245, at *6 (N.D.W. Va. Sept. 3, 2009). Accordingly, at the time he filed this § 2241 action, he was not in "custody" due to the ICE detainer.

On February 15, 2011, petitioner informed the court that he was released from BOP custody and was being held at the Irwin County Detention Center in Ocilla, GA. The court assumes that petitioner is being held in ICE custody, although this is not entirely clear from petitioner's filings. To the extent petitioner now challenges the legality of his immigration detainer, this court lacks jurisdiction to hear his claim because petitioner, now in ICE custody, is located in Georgia. See Hong Thi Le v. Dep't of Homeland Sec., No. 1:08-CV-212, 2009 WL 1351205, at * 3 (N.D.W. Va. May 13, 2009) (finding jurisdiction to challenge ICE detainer lies in the jurisdiction where the petitioner is being held). In short, this court did not have jurisdiction to consider any challenge to petitioner's ICE detainer when petitioner filed this action and continues not to have jurisdiction to hear this claim. Accordingly, to the extent petitioner challenges his ICE detainer, this claim also must be dismissed.

3